ATLANTIC COUNTY COURT OF COMMON PLEAS.

ALBERT DUTTON MACDADE, executor of the estate of Charles
J. Reilly, deceased, plaintiff,

*v.*

MARY REILLY and CARROLL W. BROWN, defendants.

Gifts—From Husband to Wife—To Establish, There Must Be
Clear Evidence of Delivery With Intent to Divest—Joint
Ownership In Lands As Tenants By the Entirety—Land Sold
and Money Deposited In Name of Husband—Wife Entitled.
to Accounting By Husband's Executor.

On action at law.   In replevin.

SMATHERS, J.

The executor of Charles J. Reilly, deceased, instituted the
above suit against Mary Reilly, widow of the deceased, and
Carroll W. Brown, alleging that the defendants had pos-
session of a certain Packard automobile belonging to the
deceased, Charles J. Reilly, at the time of his death.

The widow, Mary Reilly, answering, alleges a gift of the
said Packard automobile to her by her husband in his life-
time.   The only evidence offered by the defendant Mary
Reilly, to support the contention of a gift of the said Pack-
ard automobile to her by her husband, was that the Packard
car was kept in Carroll Brown's garage, and that she was
in possession of the keys to the car, and that the keys were
not found by her or stolen by her.   This testimony signally
fails to establish a gift of the Packard automobile by the de-
ceased husband, Charles J. Reilly, to his widow, Mary Reilly,
the defendant.

"To establish a gift from a husband to his wife, there must
be clear evidence of the delivery of the property with the
intent of divesting the husband of all dominion over it, and

4

vesting title in the wife." *Farrow* v. *Farrow, 72 N. J. Eq. 421.*

The opinion of the court is that Albert Dutton MacDade, executor of the estate of Charles J. Reilly, deceased, plaintiff, is entitled to an order against Mary Reilly and Carroll W. Brown, defendants, for the possession of the Packard automobile described as five-passenger, single six Packard touring car, 1921 model, manufacturer's No. U.4095, motor No. U.4273 F.

The defendant, Mary Reilly, widow of the deceased husband, by way of counter-claim against the executor of the estate of Charles J. Reilly, deceased, alleges that she and her deceased husband, prior to August 24th, 1922, held a certain parcel of real estate in Atlantic City in their joint names as tenants by the entirety; that on the 24th day of August, 1922, she and her deceased husband conveyed the said property held by them, as tenants by the entirety, to one Abe Zable; that a deposit of two thousand ($2,000) dollars was given by the said Abe Zable to her deceased husband, Charles J. Reilly, at the time of the execution of the agreement for the sale of the said property, which said deposit was deposited by the said Charles J. Reilly, deceased, in his lifetime to his individual account; that on the 24th day of August, 1922, settlement was made at the South Jersey Title and Finance Company, whereupon the said Charles J. Reilly, deceased, and Mary Reilly, his wife, executed and delivered to the South Jersey Title and Finance Company a deed for the said property held by them as tenants by the entirety, and that on the same date the South Jersey Title and Finance Company issued its check payable to the said Charles J. Reilly and Mary Reilly in the sum of eleven thousand one hundred and seven dollars and seventy-one cents ($11,107.71); and that the said Mary Reilly endorsed said check, and the said check was taken by her said husband, Charles J. Reilly, deceased, to the Chelsea Safe Deposit and Trust Company, and deposited by the said Charles J. Reilly, deceased, to his individual account; that she, as widow and survivor of the said Charles J. Reilly, deceased, claims one-

half of the proceeds of the sale of the property held by her deceased husband, Charles J. Reilly, and her, as tenants by the entirety, and also claims the whole of the proceeds of the sale of the property by reason of the fact that she survived her said husband.

The executor of the estate of Charles J. Reilly, deceased, contends that there was a gift of the proceeds of the sale of the property held by Charles J. Reilly, deceased, and Mary Reilly, as tenants by the entirety, when Mary Reilly endorsed the said check, representing the proceeds of the sale of the realty, and delivered it to her husband, and permitted it to be deposited by him in his individual account.

In the case of *Buttlar* v. *Buttlar, 67 N. J. Eq. 136,* which said opinion was subsequently affirmed by the court of errors and appeals, it was held that a husband and wife having an estate in land by the entirety, where one of the parties obtained an absolute divorce, the result of the divorce decree was to change the estate to a tenancy in common.

Following the reasoning of this decision, the conclusion of the court in the present case is that when Charles J. Reilly, deceased, and his wife, Mary Reilly, met at the South Jersey Title and Finance Company, on the 24th day of August, 1922, and voluntarily signed and executed a deed conveying the property they held as tenants by the entirety to one Abe Zable and possessed themselves of the proceeds of the sale, they divested themselves of the estate by the entirety, and by their voluntary act destroyed the estate by the entirety and the right of survivorship, and became tenants in common in the proceeds of the sale of the realty. Each entitled to one-half of the proceeds of the sale of the realty.

Counsel for the executor contends that when Mary Reilly endorsed the said check made payable to her deceased husband, Charles J. Reilly, and her, and delivered the said check, so endorsed by her, and permitted the deceased husband to have the check deposited to his individual account, she, as a matter of law, gave the said check, or the proceeds represented by the check, to her deceased husband.

The law in this state does not support such a contention. In the first place, there is no evidence in the case to support the contention of counsel for the executor. The presumption of law is against a gift from a wife to her husband of her separate estate. A husband, who having received money from his wife, who alleges a gift of the money, is required to prove by clear evidence the delivery of the property with the intent of divesting all dominion over it and vesting title in himself. There is no such proof in the present case.

"Mere possession by an endorsee of a negotiable note, regularly endorsed by the payee, is, in ordinary cases, all that is required to make a complete case for the endorsee. Here, however, the parties were, in consequence of their matrimonial connection, incompetent to enter into a legal contract with each other. Notwithstanding the capacity of a married woman to acquire, use and dispose of property has been very greatly enlarged, still the statute making the enlargement declares, 'nor shall anything herein enable husband or wife to contract with or to sue each other, except as heretofore.' The purpose of this provision has been defined. Chief-Justice Beasley, speaking for the supreme court, says its 'object was to leave the husband and wife, touching their capacity, to bargain together on the ancient footing of the common law.'" *Farmer's Executor* v. *Farmer, 39 N. J. Eq. 212.*

My conclusion, therefore, is that there was no gift of the proceeds of the sale of the realty by the wife's endorsement and delivery of the check.

Judgment, therefore, will be entered in favor of the wife, Mary Reilly, and against Albert Dutton MacDade, executor of the estate of Charles J. Reilly, deceased, for six thousand five hundred and fifty-three dollars and eighty-six cents ($6,553.86), representing one-half of the proceeds of the sale of the realty held by them as tenants by the entirety.